**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DAFFANIE TODD, on behalf of herself;<br>R.D., R.D., and D.T., by and through their next friend, DAFFANIE TODD<br><br>Plaintiffs,<br><br>v.<br><br>MERIA CARSTARPHEN, in her official capacity as SUPERINTENDENT of Atlanta Independent School System, and ATLANTA INDEPENDENT SCHOOL SYSTEM,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:16-cv-03729-WSD |

**DEFENDANTS' AMENDED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COME NOW Meria Carstarphen ("Carstarphen") and the Atlanta Independent School System ("APS") or ("the District"), collectively, the Defendants in the matter pending before this court, to submit the following Amended Proposed Findings of Fact and Conclusions of Law for the Court's consideration in connection with Plaintiff's pending Motion for Preliminary and

Permanent Injunction, following hearing thereon that occurred on January 5, 2017. In support of same, Defendants propose as follows: ~~:~~

**PROPOSED FINDINGS OF FACT**

1. Plaintiff Daffanie Todd has been completely blind ~~is legally blind due to a retinal detachment which has affected both of her eyes~~ since ~~2002 and led to complete blindness in~~June 3, 2013. (Transcript of January 5, 2017 Hearing 16: 3-8; 18-23).

2. As of ~~October 6, 2016~~January 5, 2017, ~~when this Complaint was filed,~~ Ms. Todd was unable to walk outside her home without an individual accompanying her as a guide. (Transcript 24: 5-23).

3. Ms. Todd and her four minor, nondisabled children[1] moved to their current residence ~~at 2773 The Foutainebleau SW, Atlanta, Georgia 30331~~ prior to the start of the 2016-2017 school year. (Transcript 12: 2-4; 25: 5-6, 19-20).

4. Ms. Todd is the only adult who permanently resides at ~~2773 The Fountainebleau SW, Atlanta, Georgia 30331~~the family's current residence. (Transcript 12: 1-4).

[1] Plaintiff Children have no known disabilities. (Transcript 56: 18-20).

5. Three of Ms. Todd's four minor children ("Plaintiff Children") attend Continental Colony Elementary School ("Continental Colony"), which is owned and operated by APS. (Transcript 25: 16-18).

6. As of October 6, 2016, when this Complaint was filed, Plaintiff Children were ages nine, eight, and five. (Transcript 12: 2-4).

7. O.C.G.A. § 20-2-188(d)Georgia law provides that school districts are not required to provide transportation to elementary school students who live within 1.5 miles of their school (the "walk-zone"), regardless of the students' ages. (Transcript 124: 5-14).

Formatted: Not Highlight

Formatted: Not Highlight

8. Plaintiffs' home is within .65 miles from Continental Colony. Elementary School. (Transcript 129: 14-17).

Formatted: Not Highlight

9. Plaintiffs reside within the walk-zone for Continental Colony. Elementary School. (Transcript 26: 8-9; 126: 14-17).

10. There are approximately 100 walk-zones within APS. (Transcript 133: 11-15).

11.10. Thousands of APS students live within these walk-zones.

12.11. APS generally does not provide transportation to nondisabled students living within walk-zones. (Transcript 128: 24-25; 129: 1-12)

~~13.~~12. APS grants exceptions to its policy of not providing transportation to students living within a walk-zone only if (1) a student has a disability, or (2) it determines the walk-zone is unsafe for students because of traffic concerns, local crime, or some other reason. (Transcript: 127: 21-25; 128: 1-11).

~~14. The APS Executive Director of Transportation, John Franklin, inspected the route from Plaintiffs' home to Continental Colony Elementary School and determined there were no safety concerns such that the District should allow an exception to its policy of not providing transportation to students within the walk-zone.~~

**Formatted:** Indent: Left: 0.63", No bullets or numbering

~~15.~~13. APS does not have a policy or procedure stating that students of certain ages are too young to walk to school unattended by an adult. (Transcript 130: 8-10).

~~16.~~14. APS has never provided transportation to Plaintiff Children based on Ms. Todd's disability. (Transcript 130: 14-25).

~~17.~~15. APS notified Plaintiffs it could not provide bus transportation to Plaintiff Children because they reside within Continental Colony's ~~Elementary School's~~ walk-zone, and conditions were deemed safe for the Plaintiff Children to walk to Continental Colony. (Transcript 126: 8-18).




16. Other minor children live within Continental Colony's Elementary School's walk-zone and walk to and from school. unaccompanied by adults. (Transcript 129: 24-25; 130: 1-2).

17. The APS Transportation Department investigates all requests for bus transportation within a walk-zone by analyzing multiple factors, including traffic patterns, local crime, and the conditions of off-road walk spaces. (Transcript 127: 7-17; 137: 3-23).

18. In determining whether students within a walk-zone would have a safe walk space, the APS Transportation Department looks for a four-foot wide walkway with no obstacles which would require students to walk into the roadway. (Transcript 158: 17-25; 159: 1-12).

18.19. The APS Executive Director of Transportation, John Franklin, inspected the route from Plaintiffs' home to Continental Colony and determined there were no safety concerns such that the District should allow an exception to its policy of not providing transportation to students within the walk-zone. (Transcript 126: 15-25).

Formatted: Font: 14 pt

20. The APS Transportation Department has not received any requests for bus transportation from parents of students living within Continental Colony's

walk-zone based on safety concerns during the time John Franklin has been the Executive Director of the Department. (Transcript 132: 9-12).

~~19.~~21. From on or about August 9, ~~8,~~ 2016, through October 17, 2016, Plaintiff Children did not attend school because Ms. Todd was not comfortable allowing them to walk to Continental Colony. ~~Elementary School.~~ (Transcript 25: 19-20; 27: 11-14; 93: 12-14)

**Formatted:** Not Highlight

**Formatted:** Not Highlight

~~20.~~22. At no time has APS or Continental Colony ~~Elementary School~~ denied Plaintiff Children access to the school. (Transcript 56: 21-25; 57: 1-12).

~~21.~~23. Following the hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunctive Relief on October 13, 2016, Five Star Express Transit, a private transportation company, offered to transport the Plaintiff Children to and from school from October 17, 2016 through ~~December 16, 2016~~the end of the calendar year. (Transcript 51: 11-17; 57: 18-25; 58: 1-11; 93: 12-14).

~~22.~~24. Prior to October 13, 2016, Ms. Todd did not know the identity of the Five Star Express Transit drivers who ~~have~~ transported her children ~~to school~~ from October 17, 2016 through ~~December 16, 2016~~the end of the calendar year. (Transcript 61: 7-13).

25. APS has made several attempts to assist Ms. Todd in transporting Plaintiff ~~the c~~Children to and from school. (Transcript 28: 22-25; 29: 1-6; 62: 3-9).

26. As recently as January 3, 2017, APS offered to provide background checks for two community members who volunteered to drive Plaintiff Children to and from Continental Colony. (Transcript 62: 6-11; 68: 4-7).

27. One of the community members who volunteered to drive Plaintiff Children to and from Continental Colony is a former classmate of Ms. Todd's. (Transcript 73: 11-19).

**Formatted:** Indent: Hanging: 0.63"

28. After becoming aware that two community members were willing to transport Plaintiff Children to and from Continental Colony, Ms. Todd rejected the proposed solution and was unwilling to meet with the community members. (Transcript 75: 11-25; 76: 1-4).

~~23. **, including to provide backg**round checks for two individuals who have offered to drive Ms. Todd's children to school following the October 13, 2016 hearing.~~

**Formatted:** Font: Bold, Underline

29. Ms. Todd ~~testified at the January 5, 2017 Hearing on Plaintiffs' Request for a Preliminary and Permanent Injunction that she will only allow an APS employee to transport Plaintiff Children to and from Continental~~

~~Colony~~will not accept any solution short of having an APS employee transport her children to and from school. (Transcript 83: 23-25; 84: 1-4).

30. If APS grants bus transportation to Plaintiff Children based on Ms. Todd's disability, APS will be unable to deny bus transportation to other nondisabled children of disabled parents living within walk-zones. (133: 16-25).

31. If a bus stop is established for Plaintiff Children, ~~other Continental Colony students within the walk-zone will be entitled to board the bus at that bus stop as well~~the driver of the APS bus will not be able to deny boarding to other ineligible students who attempt to board. (Transcript 132: 23-25; 133: 1-4).

32. If APS is required to provide transportation to nondisabled children of disabled parents in walk zones, such a requirement would severely overwhelm APS' bus resource capacity and bus driver capacity. (Transcript 133: 22-25; 134: 1).

33. The APS Transportation Department has written practices addressing requests for transportation by disabled parents of nondisabled students, which provide that the Transportation Department first communicate with the family and explore supports within the family. If that does not resolve

the concern, then the Transportation Department has a verbal conversation with the school social worker and principal to discuss the concern, completes a social worker referral, and sends it to the school social worker via e-mail. (Transcript 155: 11-18).

34. APS Executive Director of Transportation John Franklin personally referred Ms. Todd's concern to the Continental Colony social worker. (Transcript 132: 7-8).

## PROPOSED CONCLUSIONS OF LAW

### A. Legal Standard for Granting of Injunctive Relief

~~24.~~ A trial court should deny injunctive relief unless the movant demonstrates: (1) actual success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; (4) that entry of the relief would serve the public interest. KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (2006); Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 546 n. 12 (1987).

~~**B. Actual Success on the Merits**~~

Injunctive relief may not be granted unless the plaintiff establishes actual success on the merits. KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (2006); Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 546 n. 12 (1987).

**B.** Standing

Formatted: Font: 14 pt, Underline

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: A, B, C, ... + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"

25.35. Plaintiffs do not succeed on the merits because they lack both individual and associational standing.

26.36. To establish standing under Article III of the U.S. Constitution, a plaintiff must demonstrate three elements to the court: (1) she must show she has suffered an "injury-in-fact;" (2) the plaintiff must demonstrate a causal connection between the asserted injury-in-fact and the challenged action to the defendant; and (3) the plaintiff must show that the "the injury will be redressed by a favorable decision." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

27.37. For a plaintiff to establish she has suffered an injury in fact, the plaintiff must show an invasion of a legally protected interest which is concrete and particularized. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

38. Ms. Todd cannot establish an injury in fact because she does not have a personal right to transportation for her nondisabled children to and from school under Georgia law.

28.39. Ms. Todd cannot establish an injury in fact because her children are not otherwise qualified for transportation within the walk zone.

29.40. The right to an education belongs to minor students and not to the students' parents. Wells v. Banks, 153 Ga. App. 581, 583 (1980) ("having extended to all children in Georgia the right to an education, the state cannot arbitrarily withdraw that right.").

30.41. A private right of action exists only for those for whom the benefit of the statute was intended, and students are the persons intended to benefit from O.C.G.A. § 20-2-690.1, Georgia's compulsory attendance law. Kenny A. ex rel. Winn v. Perdue, 218 F.R.D. 277, 295 (N.D. Ga. 2003).

31.42. 29 U.S.C. § 794 establishes a public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

32.43. "[A] party is aggrieved within the meaning of § 794(a)(2) only if she is personally excluded, denied benefits, or discriminated against because of

her association with a disabled person." McCollum v. Orlando Reg'l Healthcare Sys., Inc., 768 F.3d 1135, 1143 (11th Cir. 2014).

~~33.~~44. Plaintiff Children lack associational standing in this case because they were not personally excluded from bus transportation because of their association with Plaintiff Todd; Plaintiff children are not otherwise qualified to receive bus transportation from APS regardless of Plaintiff Todd's disability because they reside within a walk-zone ~~allowed by Georgia law~~and, like all other students residing in the same walk zone, they do not qualify for a safety exception.

~~34.~~45. Plaintiff Children therefore lack associational standing to bring claims under Title II or Section 504.

~~35.~~46. Plaintiff Children's ability to be educated at Continental Colony ~~Elementary School~~ has not been hindered by APS as APS, although not legally required to, has offered reasonable alternative means for Plaintiff Children to get to and from school (that is, background checks for community volunteers who would drive her children to and from school).

No Discrimination on the Basis of Disability

~~36.~~47. The Americans with Disabilities Act ("ADA") mandates that "no qualified individual with a disability shall, by reason of such disability, be

excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

~~37.~~48. Section 504 of the Rehabilitation Act ("Section 504") mandates that "no otherwise qualified individual with a disability… [shall be] excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794(a).

~~38.~~49. A qualified individual with a disability is "an individual with a disability [as defined in 42 U.S.C. § 12102] who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the public entity." 42 U.S.C. §12131(2).

~~39.~~50. Public entities are not required to provide services to disabled persons that are superior to the services provided to nondisabled persons; rather, "the purpose of the [ADA and Section 504] is to place those with

disabilities on an equal footing…" Komblau v. Dade Cnty., 86 F.3d 193, 194 (11th Cir. 1996).

40.51. Plaintiff Todd is not a qualified individual with a disability because she is not personally entitled to bus transportation to and from Continental Colony Elementary School for her nondisabled children, nor is she seeking an accommodation for herself.

41.52. Plaintiff Children are not qualified individuals with a disability because they are not disabled, and have not been denied access to a service or accommodation to which they are otherwise entitled because they reside in a walk zone that was deemed safe by APS independent of Ms. Todd's disability., and their access to Continental Colony Elementary School has not been hindered.

53. Public entities, like APS, are not required to modify their services if it would "impose an undue burden on the public entity." Kramer v. Conway, 962 F. Supp. 2d 1333, 1352 (N.D. Ga. 2013).

42.54. Requiring APS to provide transportation accommodations to nondisabled children of disabled parents in the one hundred walk zones District-wide would create an undue burden on APS because such a requirement would overwhelm APS' bus driver and vehicle capacity.

Legally, such a holding would have implications for APS to accommodate nondisabled children of disabled parents in non-transportation contexts as well, where such a request is made with respect to any APS-sponsored program, service, or activity.

~~43.~~55. APS's policies and practices do not have the effect of denying benefits to qualified persons with disabilities because the walk-zone policy is applicable to all students regardless of disability absent exceptional circumstances not applicable here.

**C. Lack of Irreparable Harm**

~~44.~~56. A show of irreparable injury is "the *sine qua non* of injunctive relief." Siegel v LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

~~45.~~57. In all the cases cited by Plaintiffs (Sullivan By & Through Sullivan v. Vallejo City Unified Sch. Dist., 731 F. Supp. 947, 961 (E.D. Cal. 1990); Alejandro v. Palm Beach State Coll., 843 F. Supp. 2d 1263, 1270 (S.D. Fla. 2011); Borough of Palmyra, Bd. of Educ. v. F.C. Through R.C., 2 F. Supp. 2d 637, 644 (D.N.J. 1998)), the students at issue were disabled, but Plaintiff Children are not disabled.

~~46.~~58. APS deemed the route from Plaintiffs' home to Continental Colony ~~Elementary School~~ safe for Plaintiff Children to walk. Furthermore, APS

has provided Plaintiffs with an alternative source of transportation, which Ms. Todd has refused. Accordingly, the denial of Plaintiffs' motion for injunctive relief does not cause any irreparable harm to Plaintiffs because Plaintiffs have been presented a reasonable solution that would obviate the need for injunctive relief. But for their rejection of that reasonable solution, Plaintiff children would be attending school.

47.59. There is no "irreparable harm" that can be attributed to APS's decision to maintain its current bus transportation policy.

**D. Balancing of Equities**

48.60. The balancing of equities favors the denial of Plaintiffs' motion for injunctive relief.

49.61. Granting Plaintiffs' motion for injunctive relief would expose APS to potentially innumerable requests for transportation or other accommodations for non-disabled children of disabled parents living within walk-zones.

50.62. Granting Plaintiffs' motion for injunctive relief would be unreasonably unduly burdensome and costly for APS.

51.63. The potential burden on APS outweighs alleged harm to Plaintiffs because Plaintiffs have a reasonable alternative to safely access the school,

while APS could potentially have significant exposure as a result of the broader implications of the relief.

**E. Public Interest**

~~52.~~64. The granting of Plaintiffs' motion for injunctive relief would not serve the public interest of preventing discrimination on the basis of disability because APS has not denied Plaintiffs any benefits it otherwise provides to nondisabled children of nondisabled parents.

This ~~28th~~ 13th day of ~~December~~January, ~~2016~~2017.

Formatted: Indent: First line: 0.25"

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ *Laurance Warco*
LAURANCE JOSEPH WARCO
Georgia Bar No. 736652
*Attorneys for Defendant*

Atlantic Station / 201 17th Street, NW
Suite 1700

Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
E-Mail: laurance.warco@nelsonmullins.com

---

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This ~~28th~~ 13th day of ~~December~~January, ~~2016~~2017.

/s/ *Laurance Warco*
LAURANCE JOSEPH WARCO
Georgia Bar No. 736652
*Attorney for Defendants*

Atlantic Station / 201 17th Street, NW
Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
E-Mail: laurance.warco@nelsonmullins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this ~~28th~~ 13th day of ~~December~~January, ~~2016~~2017, I served a copy of the foregoing **DEFENDANTS' AMENDED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** by filing electronically and by depositing the same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery as follows:

Kimberly Charles
William Thompson
Atlanta Legal Aid Society
777 Cleveland Ave SW, Suite 410
Atlanta, GA 30315

Craig Goodmark
Atlanta Legal Aid Society
54 Ellis St., NW
Atlanta, GA 30303

/s/ *Laurance Warco*
LAURANCE JOSEPH WARCO
Georgia Bar No. 736652
*Attorney for Defendants*

NELSON, MULLINS, RILEY
& SCARBOROUGH, LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
E-Mail: laurance.warco@nelsonmullins.com